[Crim. No. 670. Third Appellate District.—December 27, 1922.]

THE PEOPLE, Respondent, v. JOHN L. COLLINS, Appellant.

[1] CRIMINAL LAW—FORGERY—SUFFICIENCY OF EVIDENCE.—In this prosecution for the forgery and passing of a check with intent to defraud a bank, the evidence sufficiently supports the allegations of the indictment.

APPEAL from a judgment of the Superior Court of El Dorado County and from an order denying a new trial. George H. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. Collins, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant, who is also the defendant in Criminal No. 669, *ante,* p. 263 [212 Pac. 701], in which an opinion affirming the judgment and the order has this day been filed, was charged by an indictment found and returned by the grand jury of El Dorado County with the crime of forgery, as follows: That on or about the tenth day of June, 1922, in the county of El Dorado, state of California, he "did then and there willfully, unlawfully, feloniously, falsely and fraudulently and with intent to prejudice, damage and defraud Placerville National Bank, a corporation organized and existing under and by virtue of the laws of the United States of America, make, forge, and counterfeit a certain check in the words and figures following, to wit:

" 'No. 25792          Atlanta, Ga. Jun-2, 1922     192
                                                   $100.00
" 'The Fulton National Bank.   64–7   Pay to the order of David J. Gordon One Hundred Dollars   Dollars
To The National Park Bank, New York, N. Y.

" 'GARRETT C. EVANS
" 'Asst. Cashier.'

and having indorsed on the back thereof the words 'D. J. Gordon,' and he, the said John L. Collins, well knowing the same to be false and forged, did, on said 10th day of June, A. D. 1922, at said County of El Dorado, State of California, willfully, unlawfully, feloniously, falsely and fraudulently and with intent to prejudice, damage and defraud the said Placerville National Bank, a corporation organized and existing under and by virtue of the laws of the United States of America, utter, publish and pass the same as true and genuine to said Placerville National Bank, a corporation organized and existing under and by virtue of the laws of the United States of America, contrary," etc.

The defendant, having been tried upon said charge, was found guilty by the jury before whom the cause was heard and thereafter judgment of sentence was regularly pronounced against him. He made a motion for a new trial, which was denied, and he thereupon gave notice of "an ap-

peal to the appellate court.'' From this it cannot be determined whether his intention was to appeal from the judgment or the order only, or from both, but, inasmuch as the defendant himself conducted the proceedings in the court below occurring after the judgment of sentence was pronounced, and is not an attorney at law, we assume that his intention was to appeal both from the judgment and the order denying him a new trial and we will so regard his notice of appeal.

The evidence showing when and for how long a period of time and under what circumstances the defendant appeared and remained in the city of Placerville is in substance recited in the opinion of *People* v. *Collins, ante,* p. 263 [212 Pac. 701]. The record herein further shows: That the defendant, during the period of time he remained in Placerville, maintained a deposit account with the Placerville National Bank in said city, in the name of ''D. J. Gordon''; that, on the 10th of June, 1922, the day on which he departed from Placerville, he presented the check set out in the indictment, with the name D. J. Gordon indorsed on the back thereof, to Mr. Bordwell, the cashier of said bank; that the latter, in effect, cashed said check by delivering to the defendant travelers' checks for the sum of one hundred dollars, which, as seen, was the amount the check in question called for and made the said bank liable for the travelers' check ''by giving credit to our New York correspondent for it,'' immediately depositing the funds to cover said checks in the New York bank.

Garnett C. Evans, assistant cashier of the Fulton National Bank, at Atlanta, Georgia, by which bank the check in question purports to have been drawn, issued, and delivered to the defendant, testified that it was within the sphere of his duties to sign and issue checks for said bank. He stated that the figures indicating the number of the check (25792) do not correspond with the numbers on the checks issued by the bank of which he is assistant cashier; that the number of the checks of said bank begin with ''six thousand and up''; that the bank with which he is connected does not issue or use the type of check set out in the indictment; that he is the only person by the name of Evans who is connected with said bank; that he did not sign the check in question and that the signature ''Garrett C. Evans''

subscribed to said check is not in the handwriting of any person connected with said bank. He testfied that the National Park Bank, of New York, was a correspondent of the Fulton National Bank and that the two banks transact business with each other.

[1] There is evidence of other facts and circumstances than those above narrated which is corroborative of the theory of the prosecution that the defendant without authority, and wrongfully, signed the name of Evans to the check and passed the same on the Placerville National Bank with the intent to defraud the latter institution.

With the exception of the point that there is a fatal lack of correspondence between the allegations of the indictment and the proof, the legal propositions advanced herein are precisely the same as those advanced in support of the appeal in *People* v. *Collins,* Criminal No. 669, *supra.* There is, therefore, no call for consideration of those points in this opinion and we refer to case No. 669 as authority against the contentions of the defendant with respect to said points.

The judgment and the order are affirmed.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1923.

All the Justices concurred.